234 F.2d 66
 Marianne HELTCEL, an infant, who sues by and through Willie Anita Russell, her mother and next friend, Appellant,
v.
Carl T. SKAGGS, and State Farm Mutual Automobile Insurance Company, a corporation, Appellees.
 No. 5290.
 United States Court of Appeals Tenth Circuit.
 May 22, 1956.
 Rehearing Denied July 2, 1956.
 
 Howard K. Berry, Oklahoma City, Okl., for appellant.
 Clayton B. Pierce, Oklahoma City, Okl., for appellees.
 Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.
 MURRAH, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the District Court for the Western District of Oklahoma, determining that the appellee, State Farm Mutual Automobile Insurance Company, was not obligated under its policy of liability insurance to indemnify an additional insured, for legal obligations arising from the death of the named insured, and dismissing the appellant's garnishment proceedings on the merits. The garnishment was instituted in the state court of Oklahoma but timely removed to the Federal District Court. Federal jurisdiction is sustained upon diversity of citizenship and requisite amount in controversy and is not contested.
 
 
 2
 The stipulated facts are that appellee-insurer's policy of automobile liability insurance, issued to Leon H. Heltcel of Holdenville, Oklahoma, was in force on May 9, 1953, when the named insured's car was involved in an accident resulting in his death. At the time of the accident, the automobile was being operated by Carl T. Skaggs who was an additional insured under the terms of appellee's policy. Appellant, the minor daughter of Heltcel, was not a member of his household at the time of his death, but resided in Texas with her mother, the divorced wife of Heltcel. Appellant filed a statutory death action in the state courts of Oklahoma and secured judgment against Skaggs for some $16,000. Appellee-insurer denied liability to Skaggs for appellant's claim against him, refused to defend the death action, and then refused to pay the judgment against the additional insured to the extent of the policy limits.
 
 
 3
 The applicable provisions of the policy are as follows: "I. Coverage A — Bodily Injury Liability — To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile." Coverage in the instant case is dependent upon the construction afforded an exclusionary clause of the policy which provides: "This policy does not apply: (e) Under Coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; or to the insured or any member of the family of the insured residing in the same household as the insured."
 
 
 4
 Upon trial to the court, it was determined that appellee-insurer's policy expressly excluded coverage of the additional insured for injury or death caused the named insured or any member of his immediate family who resided with him; that inasmuch as appellant sought to enforce a legal obligation of the additional insured founded upon the death of the named insured, there was no liability for appellee-insurer under the policy.
 
 
 5
 The trial court reasoned that the policy expressly excluded any duty on the part of the appellee-insurer to indemnify an additional insured for injuries or death inflicted upon the named insured or any member of his family residing with him, and that it would be incongruous to permit the appellant, as beneficiary of a claim arising from the named insured's death, to recover against the appellee-insurer. The court seemed to think that such a recovery would in effect convert the policy coverage from a public liability type contract into a health and accident policy, a result not consonant with the expressed intentions of the parties and the manifest purpose of the insurance contract.
 
 
 6
 On appeal, the appellee-insurer skirts the beneficiary theory from which the trial court reasoned, and seeks to sustain the judgment entered below upon the theory that the exclusion in question reads like the policy construed in Pearson v. Johnson, 215 Minn. 480, 10 N.W. 2d 357, to exclude from coverage bodily injury or death to the named insured, or any member of his immediate family who resides with him. It is therefore contended that there is no duty under the contract to indemnify Skaggs for his obligation to the appellant, because the obligation arose from death of the named insured. Differently stated, appellee-insurer contends that the exclusionary clause relates to certain "casualties" which are excepted from coverage and among the contingencies so excepted is injury or death to the insured or any member of his family residing in his household. See Musselman v. Mutual Automobile Ins. Co., 266 Wis. 387, 63 N.W.2d 691; Frye v. Theige, 253 Wis. 596, 34 N.W.2d 793, 794.
 
 
 7
 The difficulty of the construction afforded the policy by the trial court, and the construction contended for by the appellee-insurer on appeal, is that they do not read on the policy before us. Our policy, by its terms, excludes any obligation of an additional insured under Coverage A to the named insured or any member of his household. The policy is not essentially a public liability contract of insurance, rather it relates to legal obligations of an insured to pay damages sustained by any person, and provides protection or indemnification to an insured from all such obligations founded upon personal injury or death arising from use of the described automobile, except specific "obligations" excluded from the general coverage. In short, our policy reads in terms of legal obligations covered and excluded, not bodily injuries or casualties, as in Pearson v. Johnson, supra. The obligation of the additional insured, Skaggs, is fully within the general coverage of the policy; it is not reached by the exclusion relied upon by the appellee-insurer.
 
 
 8
 It is of no moment that under one rational interpretation of the exclusion, the appellee-insurer may be relieved of its duty to indemnify the additional insured for his legal obligation in question, when under a different construction of the same exclusion, resting upon an equally rational basis, the appellee's duty of indemnification is clear. Where ambiguity permeates an exclusionary clause of a policy of insurance, the dilemma will be resolved in favor of coverage. 45 C.J.S., Insurance, § 834, p. 906, notes 88, 89.
 
 
 9
 The judgment of the trial court must be Reversed and Remanded with instructions to enter judgment in favor of the appellant.