## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC., *v.* BRISCOE

[No. 36, September Term, 1966.]

148

*Decided January 9, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS and FINAN, JJ.

*Richard B. Latham,* with whom were *McInerney, Latham & Layne* on the brief, for appellant.

*James K. Foley* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is from a declaration that an automobile liability insurer is required by its policy to defend an additional insured who had been brought in as a third party defendant by the original defendant in a suit by the additional insured's mother.

State Farm Mutual Automobile Insurance Company, Inc. insured one Monday against liability in named amounts for

bodily injury (Coverage A) and property damage (Coverage B) caused by accident arising out of the ownership or use of his automobile, and, in addition to the applicable limits of liability, agreed under the provisions as to Coverages A and B, to defend any suit seeking damages against the insured on either ground. By policy definition "under coverages A, B, * * * the unqualified word 'insured' includes (1) the named insured, and also * * * (3) any other person while using the owned automobile, provided the actual use of such automobile is with the permission of the named insured."

On November 14, 1963, Monday lent his automobile to Charles C. Briscoe, Jr., who drove off in the car with his mother, Margaret V. Briscoe, as a passenger and soon collided with the automobile of Shirley W. Rouff, injuring his mother. Charles C. Briscoe, Sr. and Margaret V. Briscoe filed suit in the Circuit Court for Montgomery County against Rouff, claiming damages caused by his negligence. Rouff interpleaded Monday and young Briscoe under Maryland Rule 315 a, alleging that their negligence caused the automobile accident and the consequent damages for which the elder Briscoes sought recovery, and asking for contribution or indemnification for any sums recovered against him. The senior Briscoes did not choose to avail themselves of the right given by Rule 315 d 1 to assert against Monday or young Briscoe "any claim * * * [they have] * * * which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the defendant * * *." Under Rule 315 d 3 the elder Briscoes could not, after Monday and young Briscoe had been impleaded, assert a claim against them in a separate proceeding.

Young Briscoe requested the insurer to provide for his defense in the suit, alleging that he was an additional insured because he had been driving the insured car with the owner's permission. The insurer agreed that it was obligated to defend Monday but refused to defend Briscoe on the ground that the so-called "household exclusion" clause of the policy removed him from coverage under the insurance policy. The household exclusion clause reads: "This insurance does not apply under: * * * (g) coverage A * * * (2) to bodily injury to the in-

sured or any member of the family of the insured residing in the same household as the insured * * *."

The purpose of the household exclusion is so obviously to protect the insurer against collusive or cozy claims, to exempt him from liability stemming from one whose natural ties and pulls are likely to favor a claimant who lives in the same household, that the courts have unhesitatingly recognized that purpose and excluded from policy coverage claimants who live in the same household as the named insured. *State Farm Mut. Automobile Ins. Co. v. James* (4th Cir.), 80 F. 2d 802, 803-04; *Tomlyanovich v. Tomlyanovich* (Minn.), 58 N. W. 2d 855, 862; *Puller v. Puller* (Pa.), 110 A. 2d 175, 178; *State Farm Mutual Automobile Insurance Co. v. Ward* (Mo.), 340 S. W. 2d 635. Similarly, the insurer has been held not liable to a member of the household of an additional insured in a direct suit against the additional insured. *Third National Bank of Ashland v. State Farm Mut. Automobile Ins. Co.* (Ky.), 334 S .W. 2d 261. The cases have drawn a distinction between situations in which a member of the named insured's family has sought to impose liability on the insurer in a claim against the additional insured and the situation in which a member of an additional insured's family seeks to impose liability on the insurer in a claim against the named insured. In the first situation the insurer generally has been held not to be liable. See *Patton v. Patton* (Pa.), 198 A. 2d 578, 581; *Johnson v. State Farm Mutual Automobile Ins. Co.* (8th Cir.), 252 F. 2d 158. In the second situation there is a split of authority. The insurer was held to have extended coverage in *Patton v. Patton, supra,* 198 A. 2d at page 582, and to have excluded it in *Zipperer v. State Farm Mutual Automobile Ins. Co.* (5th Cir.), 254 F. 2d 853.

In the case before us, we can see no basis on the facts and the policy language for holding that the insurer is free from the obligation to defend young Briscoe against Rouff's attempt to make him liable as a joint tortfeasor. After Rouff impleaded Monday and young Briscoe, the elder Briscoes were content to let their claims stand as they originally had and did not proceed against Monday or young Briscoe as additional defendants as, under Rule 315 d 1, they could have. Not having done

so, they are as we have noted prohibited by Rule 315 d 3 from thereafter asserting a claim against them in a separate proceeding. The situation thus comes down to the fact that Mr. and Mrs. Briscoe can collect, if they collect at all, only from Rouff. Proof that their son was negligent cannot help them recover. They can never collect damages on their present claim from young Briscoe, though Rouff could obtain contribution from Briscoe if Rouff (a) proved that Briscoe was in fact a joint tortfeasor, and (b) actually by payment discharged the common liability or paid more than his pro rata share thereof. Code (1957), Art. 50, § 17; *Southern Maryland Oil Co. v. The Texas Co.* (D. Md.), 203 F. Supp. 449, 452-53; *O'Keefe v. Baltimore Transit Co.,* 201 Md. 345, 351. Young Briscoe therefore naturally would be expected to try to persuade any inquirer or trier of fact that he was free from fault and that Rouff alone was guilty of negligence causing the damages to Mr. and Mrs. Briscoe.

There were two sets of adversaries in the present case. One was the senior Briscoes versus Rouff. The other was Rouff versus Monday and young Briscoe. This Court has recognized and held that potential joint tortfeasors, whether original or impleaded parties, necessarily are adversaries as potential indemnitees *pro tanto* with respect to each other. *Keitz v. National Paving Co.,* 214 Md. 479, 502. Mr. and Mrs. Briscoe can recover, if they are entitled to recover, only from Rouff, and Rouff, if he is entitled to recover, can recover from young Briscoe only after he, Rouff, has paid the older Briscoes. Young Briscoe would be equally interested in helping his parents establish that Rouff alone was negligent and he, young Briscoe, was not, whether or not he was an insured. On either alternative Mr. and Mrs. Briscoe can look only to Rouff and only from him can they receive cash in hand. Young Briscoe has no incentive to try to establish a situation in which the insurer here would be liable to pay anyone.

The insurer relies heavily on *Puller v. Puller, supra,* in which a train struck an automobile. The man who owned and operated the automobile and his wife and daughter, who had been in the car, sued the railroad. The railroad severed the husband's suit and joined him as an additional defendant in the actions of the

wife and daughter. The jury found a verdict in favor of the wife and daughter against the railroad and the husband. The railroad paid the judgment in full and sought contribution from the husband's insurer. The Supreme Court of Pennsylvania held that there could be no recovery since the situation was the same in effect as if the wife and daughter had sought to recover directly from the insurer, and the household exclusion clause prevented this.

We think the *Puller* case is to be distinguished from the case before us. Under the Pennsylvania rules of procedure the original plaintiff automatically, without an additional pleading, has a direct action against an impleaded defendant and "shall recover from an additional defendant found liable to him * * * as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Pa. Stat. Ann., Rules of Civil Procedure, Rule 2255 (b) and (d).

Therefore, in *Puller* the wife and daughter, by virtue of the Pennsylvania rules, in essence sued the husband and father as an original defendant and the probability of collusion and coziness which the household exclusion is designed to prevent was distinctly recognizable as potentially prejudicial. In the case before us, we think the probability that collusion and coziness between Mr. and Mrs. Briscoe and Briscoe *fils* could prejudice the insurer is so remote that the household exclusion does not operate to relieve the insurer from the obligation to defend young Briscoe as an individual insured.

*Order affirmed, with costs.*