STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., Appellant,

v.

John F. XAPHES, Administrator of the
Estate of Clara Brown and Jocelyn H.
Comtois Wesson, Appellees.

No. 51, Docket 31308.

United States Court of Appeals
Second Circuit.

Argued Sept. 28, 1967.

Decided Oct. 24, 1967.

J. Joseph Smith, Circuit Judge, dissented.

John Dinse, Burlington, Vt. (Wick,
Dinse & Allen, Burlington, Vt., on the
brief), for appellant.

Robert Bing, Burlington, Vt. (Gravel
& Bing, Burlington, Vt., on the brief),
for John F. Xaphes, appellee.

Robinson E. Keyes, Rutland, Vt.
(Ryan, Smith & Carbine, Rutland, Vt.,
on the brief), for Jocelyn H. Comtois
Wesson, appellee.

Before LUMBARD, Chief Judge,
SMITH and KAUFMAN, Circuit Judges.

LUMBARD, Chief Judge:

This case presents the question whether under the terms of its automobile liability insurance policy issued to Joyce
Brown, State Farm Mutual Automobile
Insurance Co. must defend the appellee,
Jocelyn H. Comtois Wesson, in a suit
brought against her by appellee Xaphes,
the administrator of the estate of Clara
Brown. After a hearing of State Farm's
petition for declaratory judgment the
Vermont District Court ordered State
Farm to defend Wesson, and the insurer
appeals from that decree. We reverse.

State Farm issued an automobile insurance policy to Joyce Brown. While
that policy was in effect, on July 26,
1965, Joyce, her mother Clara Brown and
a friend, Jocelyn H. Comtois Wesson,
were driving from New Jersey to Ver-

mont. An accident occurred at Glens Falls, New York, while Wesson was driving the car with the permission of Joyce Brown, and Clara Brown was killed. Appellee Xaphes, the administrator of Clara Brown's estate, brought suit against Wesson in the District Court for Vermont for wrongful death and pecuniary loss to next of kin. State Farm, an Illinois corporation, then brought this diversity action seeking declaratory judgment to determine whether it was obligated under the policy to defend Wesson.

The policy provided under Insuring Agreement I, Coverage A, that State Farm would:

> pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons * * *; and to defend any suit * * *

For purposes of Coverage A, the policy defined "the insured" as including:

> (1) the named insured * * * (4) any other person while using the owned automobile, provided the operation and the actual use of such automobile are with the permission of the named insured * * *

There is no dispute that Jocelyn Wesson was driving with the permission of the named insured, Joyce Brown, and that consequently she was covered by the policy as an additional insured. But the policy also included a clause commonly referred to as a "household exclusion":

> This insurance does not apply under: (i) Coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured;

Clara Brown, the appellee Xaphes' intestate, concededly resided in the household of Joyce Brown, the named insured. The question presented to the district court was whether Xaphes' claim as administrator of Clara Brown's estate must be defended under the policy notwithstanding the household exclusion.

■ While it is agreed that construction of the contract of insurance is governed by Vermont law, there are no Vermont decisions in point. We are, therefore, obliged to construe the policy as we deem the courts of Vermont would if they were presented with this question. Vermont does accept the general rule that ambiguities in insurance contracts are to be construed against the insurer. American Fidelity Co. v. Elkins, 125 Vt. 313, 215 A.2d 516 (1965).

However, the policy before us is not ambiguous; its provisions as quoted above were carefully drawn as a result of court decisions [1] and clearly indicate that it was not intended to require State Farm to defend Wesson in the situation here presented. The insurer agreed to defend the insured and the additional insured only against claims arising out of injuries sustained by other parties. The company did not undertake to pay for bodily injuries suffered by the insured and members of the insured's household.

To make clear this limitation on its responsibility the insurer drafted the exclusion quoted above and placed it in the policy. The language of that exclusion appears to us to be clear and unambiguous—members of the household of the named insured may not recover. We note that the policy could have contained a "severability of interest" clause that directs each insured to be treated separately with respect to the exclusions. But this policy did not contain such a clause—to read it in, and include this claim because Clara Brown was not part of Wesson's household as the district court would do, is to transform a liability policy into an accident policy.

■ Since the insurer's reading of the policy to exclude this claim is accepted by substantially all prior cases, we may assume that that interpretation was reflected in the premium charged. See, e. g., Johnson v. State Farm Mutual Automobile Ins. Co., 252 F.2d 158 (8 Cir. 1958); Great American Ins. Co. v. State

1. See, e. g., Heltcel v. Skaggs and State Farm, 234 F.2d 66 (10 Cir. 1956).

Farm Mutual Automobile Ins. Co., 412 Pa. 538, 194 A.2d 903 (1963); State Farm Mutual Automobile Ins. Co. v. Cocuzza, 91 N.J.Super. 60, 219 A.2d 190 (1966). It may be, as appellees argue, that the risk of collusion that justified the exclusion of intrafamily suits does not operate with the same force in the situation here, when a member of the family is suing a friend of the named insured. But the exclusion was not designed for the sole purpose of avoiding collusive claims—it was drawn to make clear that the insurer's obligation was limited to pay for injuries sustained by *persons other than* the insured and members of her household. The clear language of the exclusion should not be circumvented because it may be argued that collusion is less likely in cases such as this.

■ In the case on which appellees principally rely, Heltcel v. Skaggs and State Farm, 234 F.2d 66 (10 Cir. 1956), the policy, was framed to exclude "legal obligations * * * not bodily injuries or casualties." That difference in the terms of the household exclusion was used to distinguish *Skaggs* from Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357 (1943), which had accepted State Farm's reading of the policy. That distinction apparently prompted the company to alter the language of the exclusion so that it now reads in terms of bodily injury to the insured and members of his household. This subsequent change in the wording of the exclusion distinguishes *Skaggs,* and reinforces our view that the language here is clear, and that the claim of Clara Brown's administrator is excluded from coverage.

The other contentions made by the appellees are without merit. The claim that the action was brought in part for the benefit of relatives of the deceased who were not members of the insured's household ignores the fact that the language of the exclusion refers to bodily injuries sustained by members of the household, and not to obligations owed or benefits sought by others with an interest in the suit.

■■ The appellee also contends that State Farm is estopped from reliance on the exclusion in the policy because the agent did not specifically explain the exclusion. This claim cannot prevail—the failure of an agent to review each provision of the policy does not operate to eliminate those provisions not specified from the policy. Finally, appellee Xaphes argues for the first time that the insurer's reservation of rights was improper. No finding was made on this point below, and no request for a finding was made at that time. We see no basis in the record for challenging the reservation at this time.

The judgment of the district court dismissing appellant's action and ordering it to defend Jocelyn H. Comtois Wesson is reversed with directions to enter judgment declaring that State Farm is not obliged to defend Wesson in the suit brought by Xaphes.

J. JOSEPH SMITH, Circuit Judge (dissenting):

I dissent. Chief Judge Gibson ruled that the contract was ambiguous, and applying the familiar rule of interpretation *contra proferentem,* particularly apt in interpreting contracts of adhesion such as this, see 3 Corbin on Contracts (1960), sec. 559 n. 10, held that the exclusion did not apply to the claim against Mrs. Wesson. The Vermont courts have not directly passed on this language, and I agree with the prediction of Chief Judge Gibson as to how they would rule. I think he is correct, that there is an ambiguity here and that the cases to the contrary are looking at the language too much from the viewpoint of expert draftsmen of corporate indentures and not from the standpoint of the purchaser of insurance or driver of an insured motor vehicle.

After all, even the company and the courts that would exclude the claim here are not in agreement as to what the language means. On argument, appellant eventually went so far as to claim that

there is no coverage for injuries to members of the household of the additional insured, as well as members of the household of the named insured. Even Pennsylvania, which agrees with the majority here, won't go that far. Patton v. Patton, 413 Pa. 566, 198 A.2d 578 (1964). The language is surely not entirely unambiguous. This may not be the same wording as in State Farm's policy in Heltcel v. Skaggs, 234 F.2d 66 (10th Cir. 1956), but Chief Judge Murrah's remarks on ambiguity in that case are equally apt here.

Apparently Mrs. Brown, her daughter and Mrs. Wesson took turns driving. Each was an insured. Mrs. Brown and her daughter were in the same household. Mrs. Wesson was not. Had Mrs. Wesson been killed while one of the Browns was driving there would be no problem. Had either of the Browns been killed while the other was driving, the exclusion, if valid and not waived, would bar claim against the company. But family of the insured can be taken to mean either family of the named insured, family of the insured against whom a claim is made, or perhaps even, as the company claims, families of each and every insured. I agree with the trial court that it was meant to be the second. The obvious purpose of the exclusion was to prevent collusion within the household. But why relieve the company of its obligation to the additional insured, Wesson? She was not of the household, and the purpose of the exclusion is not served by refusing to defend her. If she had asked whether there was insurance coverage before sharing the driving surely she would have been assured there was. Why should she be ruined financially by the expense of defense and possible liability payment because the other two insureds resided in the same household and might be in collusion? After all, the Browns paid for a policy covering not only those in the household, but also those driving with permission, and the agent who sold the policy assured Miss Brown that those driving with permission were covered, mentioning no exclusion. There is at the very least an ambiguity here, which under familiar doctrine is to be resolved against the company. I would affirm.