## OTTO MINNERS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

170 N. W. (2d) 223.

August 15, 1969—Nos. 41719, 41764.

*Winter, Lundquist, Sherwood & Pederson,* for appellant.
*Giberson & Collins,* for respondent.

OTIS, JUSTICE.

The issue in this appeal is whether a so-called "household-exclusion" provision of plaintiff's automobile liability policy, written by defendant, applies where one driver, William Wiik, has secured a judgment of contribution against the other driver, the plaintiff herein, arising out of their joint negligence in causing the death of plaintiff's wife. We hold that the exclusion does apply to policies issued prior to July 1, 1969, and therefore reverse.[1]

The decedent, Ella P. Minners, was a passenger in the car of her husband, the plaintiff herein, when it collided with a car operated by William Wiik, causing her death. Subsequently, plaintiff was appointed trustee to bring an action for death by wrongful act against Wiik under Minn. St. 573.02.[2] Wiik brought a

---

[1] Minn. St. 72A.1491, subd. 1, (L. 1969, c. 474, § 1) invalidates household-exclusion provisions in policies issued or renewed after July 1, 1969, in the following language: "No policy of automobile liability insurance * * * shall contain an exclusion of liability for damages for bodily injury solely because the injured person is a resident or member of an insured's household or related to the insured by blood or marriage."

[2] We cannot too strongly condemn the practice of designating one of the drivers as trustee in an action for death by wrongful act if there are other beneficiaries, unless all of them are legally competent and consent to the appointment with knowledge of the conflict of interests. In the absence of such consent, it is obviously the duty of the trustee to bring the action against both drivers unless one of the drivers is judgement proof and the beneficiaries do not wish to run the risk of imposing liability on him to the exclusion of the other driver who may

third-party claim for contribution against plaintiff which plaintiff's liability carrier, State Farm Mutual Automobile Insurance Company, refused to defend. Plaintiff, as trustee, secured a verdict of $16,000 for the death of his wife, which amount, because of his contributory negligence, was reduced by $5,000, representing the share to which he would otherwise have been entitled. The remainder was divided among his wife's relatives. The jury, having found plaintiff negligent, also awarded Wiik contribution for one-half of the balance due the other beneficiaries in the sum of $5,500. Because of the household-exclusion provision previously mentioned, defendant, State Farm Mutual, denied liability to plaintiff for the $5,500 contribution judgment entered against him. Plaintiff seeks reimbursement for that amount as well as for attorney's fees incurred in his defense of the contribution action.

The pertinent portions of the liability policy written by defendant, State Farm Mutual, insuring plaintiff Minners are as follows:

"INSURING AGREEMENT I—THE OWNED AUTOMOBILE

"COVERAGES A and B:

"(A) Bodily Injury Liability and

"(B) Property Damage Liability.

"(1) To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons, * * *

\* \* \* \* \*

"DEFINITIONS—INSURING AGREEMENTS I AND II

"*Insured*—under coverages A, B, C and M the unqualified word 'insured' includes

---

be financially responsible. Of course, if the trustee is the sole potential beneficiary whose contributory negligence will bar his recovery in any event, there is no necessity for appointing a neutral trustee. Contributory negligence, as in this case, merely reduces the amount of the award to which the driver as beneficiary would otherwise be entitled.

"(1) the named insured, and

"(2) if the named insured *is* a person or persons, also includes his or their spouse(s), if a resident of the same household, and * * *

\* \* \* \* \*

"*Bodily Injury*—means bodily injury, sickness or disease including death at any time resulting therefrom.

\* \* \* \* \*

"EXCLUSIONS—INSURING AGREEMENTS I AND II

"*This insurance does not apply under:*

\* \* \* \* \*

"(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

The issue which confronts us is whether the fact that the contribution suit is between a stranger and the insured precludes the application of the exclusion governing actions based on "bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." The trial court held that the family exclusion did not apply because the claim against the insured was not made on behalf of anyone in his family or household. His liability resulted from the contribution action brought by Wiik. The question then arises whether the so-called household-exclusion provision is applicable where there is no opportunity for collusion between members of the same household.

The only case which has come to our attention holding that the exclusion is not applicable under these conditions is State Farm Mutual Auto. Ins. Co. Inc. v. Briscoe, 245 Md. 147, 225 A. (2d) 270. There, the parties injured in an automobile driven by their son were foreclosed under Maryland procedure from asserting a claim against their son but sued the other driver. He, in turn, joined the son in a claim for contribution which the liability carrier of the car driven by the son refused to defend because

of the household-exclusion provision. The Maryland court noted that the purpose of the exclusion was to protect the insurer against collusive or "cozy" claims where "natural ties and pulls are likely to favor a claimant who lives in the same household." 245 Md. 151, 225 A. (2d) 271. However, the court said in the posture of this litigation the son would be motivated to prove he was free from fault and that the other driver alone was negligent. Hence, the son had no incentive to establish the liability of the insurer of the car he was driving. The Maryland court distinguished a Pennsylvania case, Puller v. Puller, 380 Pa. 219, 110 A. (2d) 175, for the reason that under Pennsylvania practice the injured party has a direct action against a third-party defendant brought in for contribution. The court in Puller rejected the argument that the claim which the liability carrier was called on to defend was brought by a stranger and not a member of the same household by noting that under such circumstances there was no coverage because the liability policy was limited to indemnity for claims brought by injured parties of whom the third-party plaintiff was not one. The court concluded that a husband required to make a contribution for injuries to his wife was, for practical purposes, making a payment to her, notwithstanding such contribution payment was routed through the joint tortfeasor, and consequently the household exclusion should apply.

No Minnesota case is directly in point. In discussing the household exclusion, we have said that it is unambiguous and should be given the fair construction required by its plain language and purpose without an unduly narrow construction on the exclusion. Engebretson v. Austvold, 199 Minn. 399, 402, 271 N. W. 809, 810. We are dealing with a liability and not an accident policy. Pearson v. Johnson, 215 Minn. 480, 483, 10 N. W. (2d) 357, 358. The purpose of the exclusion was articulated in Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 263, 58 N. W. (2d) 855, 862, 50 A. L. R. (2d) 108, thus:

"* * * The obvious purpose of the clause here involved is to exempt the insurer from liability to those persons to whom the

insured, on account of close family ties, would be apt to be partial in case of injury."

More recently we dealt with the same question obliquely in LeRoux v. Edmundson, 276 Minn. 120, 148 N. W. (2d) 812. That also was a contribution suit, as was this. However, the parties and the court there assumed, without litigating the issue, that the defendant sued by a joint tortfeasor for contribution was not covered under a household-exclusion provision if the injured party was a member of the same family. Hence, LeRoux is not authority for appellant's position.

The Supreme Court of Wisconsin recently had occasion to review our decisions when called on to apply Minnesota law on the issue now before us. In so doing, it was the duty of Mr. Justice Wilkie to prognosticate what this court would eventually hold. Urhammer v. Olson, 39 Wis. (2d) 447, 159 N. W. (2d) 688. There, a joint tortfeasor sought contribution from the driver of a car whose wife was the injured party. The husband's liability carrier, State Farm Mutual, invoked the household-exclusion provision—precisely the situation we have before us. The Wisconsin court made the following prediction, which we now confirm (39 Wis. [2d] 453, 159 N. W. [2d] 691) :

"We find nothing in the cited cases that would lead to the conclusion that the Minnesota court, faced with the instant fact situation, would do anything other than uphold the validity of the family-exclusion clause. Minnesota law recognizes and enforces the exclusion provision of such an insurance contract as Urhammer's [the husband driver] in the manner contended for here by State Farm. We decline to place any different interpretation on that contract before the Minnesota courts have adopted a new version of the contract helpful to Olson and Heritage [the second driver and insurer seeking contribution]."

Finally, we call attention to a New York decision which supports the conclusion we here reach. Peka, Inc. v. Kaye, 208 Misc. 1003, 145 N. Y. S. (2d) 156. There, the owner of an airplane held

liable for injuries sustained by the pilot's wife when it crashed sought indemnity against her husband. A New York statute excluded from insurance coverage liability because of injuries to a spouse unless expressly included in the policy. The New York court was not impressed by the fact that this was an indemnity action brought by a stranger, stating (208 Misc. 1007, 145 N. Y. S. [2d] 159):

"* * * Courts may not lend themselves to an indirect avoidance of, or a flank attack upon, a law whose purpose is to protect against collusive actions between husbands and wives. One may not do indirectly what he should not do directly. To permit [the pilot husband] to claim over against Lloyd's because it is [the owner joint tortfeasor] rather than his wife, who happens to be the plaintiff in the action against him for the negligent causation of her injuries, would be to honor form over substance. Such procedure, which would abet the frittering away of the law, may not be upheld."

State Farm argues that its coverage is excluded for two reasons. First, that by the language quoted from the policy Mrs. Minners was a named insured and the insurer's liability is limited to bodily injury or death sustained by "other persons." Plaintiff would have us construe that language to mean "the insured *and* other persons" rather than "other persons than the insured." We decline to adopt plaintiff's construction of this language.

The second argument is the one to which we have addressed ourselves and which is more troublesome. As the Maryland court pointed out, the probability of collusion is absent where the plaintiff is a joint tortfeasor unrelated to the injured party and seeks contribution.[3] Nevertheless, we cannot escape the conclusion that the plain language of the policy contemplates that no part of the award to the trustee of the wife shall be paid by the liability carrier of the tortfeasor to whom she is related. The

[3]This approach is urged in Note, 52 Cornell L. Q. 417.

effect of the contribution suit would be to secure payment from the husband or the husband's insurer with which to pay the wife. By any construction of the policy, the action arises out of the death of a member of the family, a situation which is expressly excluded from coverage. Had a stranger been appointed trustee for Mrs. Minners (as should have been done), he would have most certainly brought the action against both her husband and the other driver. Under such circumstances, if the husband had paid the trustee and himself sought contribution from the other driver, the result would be that each would have paid half but the husband would not be entitled to indemnity from State Farm because of the clear language of the family-exclusion provision. It is difficult to accept the logic of imposing liability on State Farm because of the sheer fortuity of Wiik's having been found liable and having satisfied the judgment before the husband was held negligent. The rights of a liability insurer should not hinge on such an insubstantial happenstance.

While our court and others have stressed the element of collusion as justification for the exclusion provisions, it may well be that premiums have been established in part by reference to potential exposure without regard to the element of collusion. In other words, it is entirely possible that the premium has been established at a reduced rate where those most likely to be passengers in the vehicle are not included in coverage. We, therefore, cannot categorically adopt the position that the only purpose of the exclusion is to prevent collusion since there may well be other factors which govern even in a contribution suit. Were we to hold otherwise, we would have to read out of the policy unequivocal language which is a part of the contract. We therefore hold that the household-exclusion provision is applicable in a contribution suit brought by a joint tortfeasor unrelated to the injured party.

Reversed.