**Elmer F. WHEELER, Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.**

**No. 317-70.**

United States Court of Appeals, Tenth Circuit.

Feb. 22, 1971.

C. J. Watts Oklahoma City, Okl.
(Watts, Looney, Nichols & Johnson,
Oklahoma City, Okl., of counsel, on the
brief), for plaintiff-appellant.

Clayton B. Pierce, Oklahoma City,
Okl. (Pierce, Duncan, Couch & Hen-
drickson, Oklahoma City, Okl., of counsel,
on the brief), the defendant-appellee.

Before HILL and HOLLOWAY, Cir-
cuit Judges, and DOYLE, District Judge.

WILLIAM E. DOYLE, District Judge.

This is a declaratory judgment action
which pertains to an automobile policy
issued by State Farm Mutual Automo-
bile Insurance Company to Jack W. Bar-
ron and Louise Barron. Plaintiff-Appel-
lant would have us construe that policy
and rule that it requires State Farm to
defend and indemnify him by reason of
suits filed against him by the persons
named in the policy, that is to say, Jack
W. Barron and Louise Barron.

The cause was tried to the court on a
stipulation of facts, and this stipulation
recites in substance that on January 6,
1968, there was in force a policy of
automobile insurance issued by State
Farm to Jack W. Barron and Louise Bar-
ron as the "named insured", covering
the operation of a 1966 two-door Pontiac
sedan, and further recites that on Janu-
ary 6, 1968, the automobile described in
the policy was involved in an accident in
Forrest County, Mississippi, and that at
the time of the accident the automobile
was being driven by Elmer F. Wheeler
(Plaintiff-Appellant) with the permis-
sion of the named insured, Jack W. Bar-
ron and Louise Barron, who were occu-
pants of the automobile. It is further
stipulated that suits have been brought
by Jack W. Barron and Louise Barron
against Elmer F. Wheeler seeking to re-
cover damages for personal injuries al-
leged to have been caused by the negli-
gence of Wheeler. The suits were or
are defended on behalf of Wheeler by
counsel employed by the company having
coverage for Wheeler on his personal
car.

The jurisdictional facts were also stip-
ulated, and the district court determined
that it had jurisdiction of the cause.

The so-called coverage clause of the
policy provides:

> Coverage A-Bodily Injury Liability-
>
> To pay on behalf of the insured all
> sums which the insured shall become
> legally obligated to pay as damages
> because of bodily injury, sickness or
> disease including death at any time re-
> sulting therefrom sustained by other
> persons.

The exclusion clause which is also perti-
nent here contains this language:

> This insurance does not apply un-
> der:
>
> (i) Coverage A, to bodily injury to
> the insured or any member of the
> family of the insured residing in the
> same household as the insured.

The definition of "insured" contained
in the policy includes one who was driv-
ing with consent of owners, i. e.:

> (4) Any other person, while using
> the owned automobile, provided the
> operation and actual use of such auto-
> mobile are with the permission of the

named insured or such spouse and are within the scope of such permission. Appellant was unquestionably using the automobile with the permission of the named insured, that is to say, the Barrons. Thus, if Wheeler were being sued by persons other than the "named insured", there could be no question but that State Farm would be obligated to defend and indemnify him. When, however, the suit is brought against him by the named insured in the policy it is a different case. Here he is indeed embraced within the term insured as it is defined in the policy, but it does not follow that he is entitled to the protection of the policy when he is being sued by the *named* insured.

As we read the policy as a whole, it is our conclusion that it was designed to protect the named insured and others within the definition of insured against actions by *third persons*. This is the plain meaning of the scope clause flowing from the provision protecting against bodily injuries "sustained by *other* persons" (emphasis supplied.) This beyond question states that the policy was not designed to cover injuries to the named insured even though some third persons, in this instance an outsider (who is a defined "insured"), was driving the vehicle at the time the injuries were suffered.

We need not consider the coverage clause alone as a guide to the intent of the parties. The exclusion clause also discloses that the named insured or any member of his family were not to be covered.

The appellant would have us hold that the insured is the named insured in the policy, but is not to be regarded as the insured (within the exclusion clause) when some third person was driving the vehicle with permission and the named insured was injured in a collision while it was so being driven. Such a construction would be strained and illogical.

In rejecting these present contentions the trial judge said:

The named insureds in the instant case are, by policy definition, insured persons and as such are excluded from coverage for their bodily injuries and the policy does not apply to same. Defendant did not undertake to provide coverage for the named insured, inasmuch as Coverage A extends only to bodily injuries of *other persons*. Inasmuch as Defendant did not contract for this risk and expressly excluded it, one who asserts rights under an insurance policy as an additional insured cannot, by reason of that status alone, obtain rights which were not conferred by the insurance contract. The Court finds no ambiguity in or among the coverage, exclusionary and definition clauses under consideration in this controversy. To give to these clauses the meaning urged by Plaintiff (limiting the exclusion of the insured to the actual driver of the vehicle) would be doing violence to plain, clear and unambiguous language.

This same question has been before the courts on previous occasions. Thus, in State Farm Mutual Automobile Ins. Co. v. Xaphes, 384 F.2d 640 (2d Cir. 1967), the Court noted that under Vermont law, ambiguities in insurance contracts are to be construed against the insurer, but then added:

However, the policy before us is not ambiguous; its provisions as quoted above were carefully drawn as a result of court decisions and clearly indicate that it was not intended to require State Farm to defend Wesson in the situation here presented. The insurer agreed to defend the insured and the additional insured only against claims arising out of injuries sustained by other parties. The company did not undertake to pay for bodily injuries suffered by the insured and members of the insured's household.

*Id.* at 641.

The identical result was reached in Tenopir v. State Farm Mutual Co., 403 F.2d 533 (9th Cir. 1968), and also in

Newark Insurance Co. v. State Farm Mutual Automobile Insurance Co., 164 Colo. 498, 436 P.2d 353 (1968).[1]

Appellant placed at least some reliance on the decision of this Court in Heltcel v. Skaggs & State Farm Mutual Auto Ins. Co., 234 F.2d 66 (10th Cir. 1956). However, in *Heltcel* the exclusionary clause in the policy provided:

> (e) Under Coverage A, to any *obligation* for which the insured or any company as his insurer may be held liable under any workmen's compensation law; or to the insured or any member of the family of the insured residing in the same household as the insured. *Id.* at 67–68 (emphasis added.)

The court thus noted that the policy there in question "reads in terms of legal obligations covered and excluded, not bodily injuries or casualties, as in Pearson v. Johnson, *supra*, [215 Minn. 480, 10 N.W.2d 357]."[2] It is thus apparent that the exclusion clause which was before the court in *Heltcel* was substantially different from that which we are now called upon to construe.

Following *Heltcel* the exclusionary clause was clarified by State Farm so that at the present time instead of excluding "any obligation * * * to the insured or any member of the family of the insured, * * *" it excludes "bodily injury of the insured or any member of the family of the insured * * *." The exclusion in the instant policy therefore presents no doubt such as was present in the Heltcel policy.

We conclude the judgment should be and it is hereby affirmed.

---

1. Gabel v. Bird, 422 S.W.2d 341 (Mo. 1967); State Farm Mutual Automobile Ins. Co. v. Cocuzza, 91 N.J.Super. 60, 219 A.2d 190 (1966); Hogg v. State Farm Mutual Automobile Ins. Co., 276 Ala. 366, 162 So.2d 462 (1964); Dressler v. State Farm Mutual Automobile Ins. Co., 52 Tenn.App. 514, 376 S.W.2d 700 (1963); Shaw, for use of Michigan Mutual Liability Ins. Co. v. State Farm Mutual Automobile Ins. Co., 107 Ga.App. 8, 129 S.E.2d 85 (1962).

---

2. *Id.* at 68. Thus, although the lawsuit in which the additional insured sought to be covered arose out of the death of the named insured, the *legal obligation* for wrongful death was owed to the named insured's minor daughter who did · *not* reside with him. The legal obligation involved was thereby held *not* excluded by the aforementioned clause.