PARKER ET AL. *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL.

[No. 2, September Term, 1971.]

*Decided October 19, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Robert J. Thieblot,* with whom were *Allen, Thieblot & Alexander* on the brief, for William L. Parker, Jr., part of appellants. *William E. Brannan, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for the Unsatisfied Claim and Judgment Fund, other appellant.

*John W. T. Webb,* with whom were *Ernest I. Cornbrooks, III* and *Webb, Burnett & Simpson* on the brief, for State Farm Mutual Automobile Insurance Company, part of appellees. No brief filed on behalf of other appellee.

FINAN, J., delivered the opinion of the Court.

This is an appeal from a decision of the Circuit Court for Wicomico County (Travers, J.) rendered in a declaratory judgment proceeding and ordering that the appellee, State Farm Mutual Automobile Insurance Company (State Farm), was under no obligation to defend an insured under one of its policies or to pay any judgment which might be awarded against the insured in a personal injury suit into which the insured was impleaded as third party defendant. The facts of this case are not in dispute.

On August 11, 1967, an automobile collision occurred between a vehicle operated by William L. Parker, Jr.

(young Parker) and another vehicle operated by Robert Odum, Jr. Riding as a passenger in the Parker car at the time of the accident was young Parker's sister, Sheila, and as a result of the accident she suffered personal injuries. Both young Parker and Sheila were minors living in the household of their mother and father.

The Parker car was owned by and titled in the name of young Parker's father, William L. Parker, Sr., who had on May 26, 1967, obtained from State Farm a policy extending automobile liability insurance on the automobile to himself and by endorsement specifically to young Parker. This policy was in force at the time of the accident.

Ultimately, Sheila, as equitable plaintiff, through her mother, sued Robert Odum, Jr. for the personal injuries which she sustained, and her parents also sued Odum for the losses which they sustained as a result of Sheila's injuries. Odum, in turn, impleaded young Parker as third party defendant pursuant to Maryland Rule 315 a, alleging contributory negligence on the part of young Parker. Neither Sheila nor her parents made any attempt to amend their declaration to assert claims against young Parker. (Rule 315 d 3.) Upon service of the third party claim State Farm refused to defend the insured on the basis of an exclusion in its policy. At that point Sheila and her parents brought a declaratory judgment proceeding in the Circuit Court for Wicomico County requesting the court to determine whether State Farm was liable to defend and indemnify young Parker or whether young Parker was an uninsured motorist within the purview of the Unsatisfied Claim and Judgment Fund Law, Maryland Code (1970 Repl. Vol.), Art. 66½, § 7-601 et seq.

Judge Travers found that although the policy in question obligated State Farm:

(Coverage A)
"* * * to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury

sustained by *other persons* * * * and to defend any suit against the insured alleging such bodily injury * * *," (Emphasis supplied.)

Sheila was not an "other person" within the meaning of the policy since she was included within the definition of an "insured". The policy defined "insured" as including:

"(3) if residents of the same household, the relatives of the first person named in the declarations, or of his spouse, and

(4) any other person while using the owned automobile, provided the operation and the actual use of such automobile are with the permission of the named insured or such spouse and are within the scope of such permission * * *."

Additionally, Judge Travers found that the language of the "household exclusion" clause which provides that:

"[T]his insurance does not apply under: * * * (i) Coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured; * * *"

served to relieve State Farm from any obligation to defend or indemnify young Parker in a suit for bodily injuries by his sister.

From this decision William L. Parker, Jr. and John H. Calhoun, Manager of the Unsatisfied Claim and Judgment Fund Board, appeal and urge this Court to reverse the order of Judge Travers on the basis that the case at bar should be controlled by our decision in *State Farm Mutual Automobile Ins. Co. v. Briscoe,* 245 Md. 147, 225 A. 2d 270 (1967).

In argument before this Court the appellants endeavored to stress the similarities between *Briscoe* and the case at bar, whereas, the appellee urged upon the Court the reversal of *Briscoe,* while at the same

time pointing out how readily distinguishable it was from the instant case and therefore not dispositive of the issue before us.

*Briscoe* was a suit by an additional insured's mother. At the time of the accident, the mother was riding with her son, young Briscoe (an unemancipated minor) who resided in the same household with her. Mr. and Mrs. Briscoe, Sr. sued Rouff, the operator of the other car. Rouff impleaded Monday, the owner of the car that young Briscoe was driving, as well as young Briscoe, as third party defendants. Maryland Rule 315 a. Young Briscoe requested that the insurer provide for his defense in the suit, alleging that he was an additional insured because he had been driving the insured car with the owner's permission. The insurance carrier (also in that instance, State Farm) resisted its obligation to defend, taking up the argument that under the "household exclusion" clause young Briscoe was removed from the coverage of the insurance policy for liability imposed by his mother even though this imposition was by indirection. This Court emphasized that the purpose for the "household exclusion" clause was "to protect the insurer against collusive or cozy claims, to exempt him from liability stemming from one whose natural ties and pulls are likely to favor a claimant who lives in the same household, * * *." (245 Md. at 151). The Court, speaking through Chief Judge Hammond, recognized:

> "* * * The cases have drawn a distinction between situations in which a member of the named insured's family has sought to impose liability on the insurer in a claim against the additional insured and the situation in which a member of an additional insured's family seeks to impose liability on the insurer in a claim against the named insured. In the first situation the insurer generally has been held not to be liable. See *Patton v. Patton* (Pa.), 198 A. 2d 578, 581; *Johnson v. State Farm Mutual Automobile*

*Ins. Co.* (8th Cir.), 252 F. 2d 158. In the second situation there is a split authority. * * *"
245 Md. at 151

We chose to hold that, under the facts of that case, a member of an additional insured's family could impose liability on the insurer through their action which resulted in the impleading of the additional insured.

The obvious distinction between *Briscoe* and the case at bar is that *Briscoe* represented a *claim by an additional insured's family* seeking to impose liability on the insurer in a claim against an additional insured, rather than as here, a case wherein *a member of the named insured's family* has sought to impose liability on the insurer in a claim against a named insured. In addition the present case centers around the "other persons" clause in the policy.

It may logically be argued that in *Briscoe,* since young Briscoe became an "insured" only through his permissive use of the automobile under the omnibus clause of the policy, he was not an "insured" within the meaning of that portion of the definition section of the policy which defines an "insured" as the "named insured" and the relatives of his family, living in his household (this also is the definition in the policy in the case at bar). Therefore, young Briscoe's mother would qualify as an "other person" so that her suit was in the category of a claim for "bodily injury sustained by other persons," a significant element absent in the instant case.

Addressing ourselves to the present case, the event which imposes liability on the insurer under "Coverage A" is "bodily injury sustained by other persons." The question which then becomes relevant, is, who are "other persons" within the meaning of the policy. Within the context of the facts and circumstances of this case, the policy establishes two classifications of individuals, "insured" and "other persons," and we agree with the lower court's conclusion that the classifications are mutually exclusive.

The appellants, understandably, take umbrage with such an interpretation of the "other persons" clause contending that a correct construction of "other persons" does not exclude all those who may come within the definition of an insured but rather includes all "other persons" than the operator of the car who is driving with the consent of the owner, the named insured. They cite *Hardtner v. Aetna Casualty & Surety Co.*, 189 So. 365 (La. 1939).[1] However, we do not find *Hardtner* persuasive because, there, they were discussing the connotation of the word "other" when used in the context of an "omnibus clause" rather than in the bodily injury liability coverage clause, such as in the case at bar. In *Hardtner* the Court stated:

> " * * * To say the least, the meaning of the word 'other' as used in the 'omnibus clause' is ambiguous and subject to more than one construction. The reasonable construction, we think, is that it means other persons than the operator of the car who is driving with the consent of the owner, the named assured." 189 So. at 375.

The fact that the definition of an "insured" as set forth in an omnibus clause is not to control throughout the policy is sustained by a statement found in *Couch on Insurance*, Vol. 12, § 45:486, wherein the author states: "The identity of the 'insured' intended to be excluded is to be determined only from the exclusion clauses, and the omnibus clause may not be considered, since its function is to extend coverage and not to determine exclusions," citing *Maryland Casualty Company v. New Jersey Manufacturers (Casualty) Insurance Company*, 137 A. 2d 577; Aff. 145 A. 2d 15 (N. J. 1958).

We are swayed by the decision of the Minnesota Court in *Minners v. State Farm Mutual Automobile Ins. Co.*,

---

1. The insurance policy in *Hardtner* did not contain any "household exclusion" clause.

170 N.W.2d 223 (Minn. 1969), which had before it a coverage clause, a definition of "insured" and a household exclusion clause, which are substantially identical with those found in the case at bar. The factual setup varied in that the husband, as trustee, brought an action for the wrongful death of his wife against one Wiik, the operator of a vehicle which collided with the automobile operated by the husband and in which the deceased wife was a passenger. Wiik brought a third party claim for contribution against the husband which the latter's liability carrier refused to defend. The husband, as trustee, secured a verdict of $16,000 for the death of his wife which amount, because of his contributory negligence, was reduced by $5,000, representing the share to which he would otherwise have been entitled. The remainder was divided among the wife's relatives. The jury having found the husband negligent also awarded Wiik contribution for one-half of the balance due the other beneficiaries in the sum of $5,500. The husband's insurance carrier denied liability for the $5,500 contribution judgment entered against him. The husband then sought reimbursement from the insurer. In reversing the lower court which had rendered a judgment in favor of the husband, the Court stated:

> "State Farm argues that its coverage is excluded for two reasons. First, that by the language quoted from the policy Mrs. Minners was a named insured and the insurer's liability is limited to bodily injury or death sustained by 'other persons'. Plaintiff would have us construe that language to mean 'the insured *and* other persons' rather than 'other persons than the insured.' We decline to adopt the plaintiff's construction of this language." 170 N.W.2d at 227.

The Court in *Minners* also stressed the importance of protecting the insurance carrier from collusion, and that the law cannot permit by indirection or by a "flank at-

tack" that which it will not permit directly, i.e., liability imposed on an insurer by the impleading by the defendant of a named insured as a third party defendant in an action originally brought by an insured. Cf. *Ennis v. Donovan*, 222 Md. 536, 539, 161 A.2d 698 (1960).[2]

Judge Travers, not having the benefit of *Wheeler v. State Farm Mutual Automobile Insurance Company*, 438 F. 2d 730 (10 Cir. 1971), which was decided after the decision in the court below and which we shall discuss later, relied heavily upon *Capece v. Allstate Insurance Company*, 212 A. 2d 863 (Sup. Ct. N. J. 1965). While *Capece* is a decision from an intermediate court, the similarity of the policy provisions with the case at bar warrant its mention. The Court is holding that the plaintiff was within the category of an "insured" and therefore not an "other person" and accordingly ineligible to maintain an action for bodily injury against another insured under the same policy, stated:

> " * * * This conclusion finds support in both the insuring and exclusionary clauses. As to the former, the policy does not obligate State Farm to pay damages which the insured may become legally obligated to pay because of bodily injury or property damage suffered by *any* person, as is generally the case. It obligates the company to pay damages which the insured shall become legally obligated to pay because of (a) bodily injury sustained by *other persons*—and property damage to *others*—caused by accident arising out of the use of the owned automobile. There is significance to the choice of words thus

2. It is further interesting to note that in *Minners* the Court went beyond the consideration of collusion as justification for exclusion in the coverage contract and pointed out that it may well be, "that premiums have been established in part by reference to potential exposure without regard to the element of collusion. * * * We, therefore, cannot categorically adopt the position that the only purpose of the exclusion is to prevent the collusion since there may well be other factors which govern even in a contribution suit." 170 N.W.2d at 227.

utilized which is reflected in the exclusionary clause here in question. The policy was intended to cover injuries sustained by persons other than the insured. The circumstances of the accident which give rise to liability determine who qualifies as an insured in a given case." 212 A. 2d at 868.

The interpretation given to the meaning of "other persons" in *Minners, supra,* and *Capece, supra,* gains additional momentum from the recent case of *Wheeler v. State Farm Mutual Automobile Ins. Co., supra,* wherein, the Court in construing again almost identical provisions as those contained in the policy in the case at bar stated :

"As we read the policy as a whole, it is our conclusion that it was designed to protect the named insured and others within the definition of insured against actions by *third persons.* This is the plain meaning of the scope clause flowing from the provision protecting against bodily injuries 'sustained by *other* persons' * * *. This beyond question states that the policy was not designed to cover injuries to the named insured even though some third persons, in this instance an outsider (who is a defined 'insured'), was driving the vehicle at the time the injuries were suffered.

We need not consider the coverage clause alone as a guide to the intent of the parties. The exclusion clause also discloses that the named insured or any member of his family were not to be covered." (Emphasis in original) 438 F. 2d at 732.

The Court in *Wheeler* also made the point that it found no ambiguity in the coverage, exclusionary, or definition clauses of the policy, all of which were substantially the same as those found in the instant case, any variation being of no legal significance. Additionally, as remarked

upon in *Wheeler,* and apropos of the instant case, the insurance carrier contracted to underwrite a specific coverage and should not subsequently be expected to assume liability for a risk which it expressly excluded. "An additional insured cannot, by reason of that status alone, obtain rights which were not conferred by the contract." *Wheeler, supra,* 438 F. 2d at 732.

There is yet another reason why State Farm has no obligation under the insurance contract in the present case to defend this suit against young Parker. The "household exclusion" clause clearly states that the insurance does not apply where bodily injury is to the insured or any member of his family residing in his household.

In the instant case, Sheila is the daughter of a named insured, her father, who owned the automobile in which she was a passenger. She is also the sister of another named insured, her brother, who operated the vehicle and to whom coverage was specifically extended by an endorsement on the policy. She herself became an insured as a relative of her father and brother, both named insureds, with whom she resided in the same household. Therefore, under the clear language of the "household exclusion" clause, State Farm has no liability under this insurance contract to defend the insured driver, young Parker. Cf. *Peninsula Ins. Co. v. Knight,* 254 Md. 461, 255 A. 2d 55 (1969) ; and *Kelsay v. State Farm Mutual Ins. Co.,* 242 Md. 528, 219 A. 2d 830 (1966), see also *Kelsay* as to the validity of such exclusion clauses absent any conflicting statutory enactments of which there are none in this case. If Sheila had amended her declaration to add her brother as a joint defendant, clearly, State Farm would have had no obligation under the policy to defend young Parker. The fact that she did not so amend and that liability is now threatened to be imposed on State Farm by the party she sued, impleading her brother as a third party defendant does not alter the situation. The law generally will not permit by indirection or circuity what it will not allow directly. *Ennis v. Donovan, supra.*

Having stated the reasons why we agree with the conclusion reached by Judge Travers in the court below, we affirm the judgment in favor of State Farm.

*Judgment affirmed, appellants to pay costs.*