## AGWAY, INC.

### v.

### James HOTHAM.

Supreme Judicial Court of Maine.

Argued April 30, 1984.

Decided June 8, 1984.

John C. Walker (orally), Phillips, Olore & Walker, P.A., Presque Isle, for plaintiff.

Jordan & Goodridge, Donald H. Goodridge (orally), Houlton, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, GLASSMAN, and SCOLNIK, JJ.

### MEMORANDUM OF DECISION.

James Hotham appeals from a judgment of the Superior Court (Aroostook County) entered in favor of the plaintiff, Agway, Inc., on its complaint for payment of principal and interest due upon a promissory note. Hotham contends that Agway failed to sustain its burden of proof as to damages and that the court erred in electing not to submit the case to the jury. We affirm the judgment.

At the conclusion of the trial, the only issue remaining to be determined was the calculation of interest. While the assess-

---

ment of interest liability, as with any form of damages, is normally within the province of the jury, *see McLellan v. Morrison,* 434 A.2d 28, 30 (Me.1981); *S.H. Nevers Corp. v. Husky Hydraulics, Inc.,* 408 A.2d 676, 681 (Me.1979), when the computation of interest becomes a purely mathematical calculation, the court, in its discretion, may direct the jury as to the interest portion of their verdict. *See, e.g., Steele v. Vanderslice,* 90 Ariz. 277, 280, 367 P.2d 636, 640 (1961); *Home Trust Co. v. Josephson,* 339 Mo. 170, 178, 95 S.W.2d 1148, 1156 (1936).

Under the circumstances, the court was well within its discretion in electing not to submit the one remaining issue to the jury.

The entry is:

Judgment affirmed.

All concurring.