**Karen FAULKINGHAM**

v.

**SEACOAST SUBARU, INC.**

Supreme Judicial Court of Maine.

Argued May 31, 1990.

Decided July 5, 1990.

Roger G. Innes (orally), Hale & Hamlin, Ellsworth, for plaintiff.

William S. Silsby, Jr. and Raymond L. Williams (orally), Silsby & Silsby, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendant Seacoast Subaru, Inc. appeals from an order of the Superior Court (Hancock County, *Smith, J.*) affirming an order of the District Court (Ellsworth, *Smith,*

*A.R.J.*) adjudging defendant liable to plaintiff Karen Faulkingham for breach of the implied warranty of merchantability in connection with the sale to her of a used car. On appeal, defendant challenges both the District Court's finding of liability and its award of damages. Plaintiff cross-appeals the District Court's denial of her claim for breach of an express warranty pursuant to 10 M.R.S.A. § 1476 (1980). We affirm the judgment on liability but vacate the award of damages.

On October 13, 1987, plaintiff purchased from defendant a 1984 Chrysler Laser automobile having a mileage odometer reading of 22,194. Defendant had repair and replacement obligations under two express warranties that included the engine and its internal parts. From the date of purchase until November 2, plaintiff and/or her husband took the Laser to defendant's garage with the following operating complaints:

October 16—squeaky fan belt, belt sprayed with lubricant;

October 19—coolant problem, car checked but no repairs made;

October 21—squeaky fan belt checked again;

October 26—car overheating, checked again;

October 28—low battery voltage, fan belt slipping, windshield leaking. Defendant replaced fan belt and repaired windshield;

November 1 (Sunday)—car overheating, spewing water out of the engine. Plaintiff drove car to defendant's lot and left it.

On November 2, plaintiff returned to defendant's garage and asked for her money back or a different car. Defendant refused. After further argument plaintiff left defendant's garage, leaving the car parked in the lot.

Defendant's service personnel immediately began working on the Laser. After breaking down the engine, the mechanic in charge determined that the major problem was a blown head gasket with resulting

loss of coolant which caused the engine to overheat. Unable to do the necessary testing and repairs, defendant sent the engine head to Darling's in Bangor on November 3. Darling's completed work on Friday, November 6, and the head arrived back at defendant's shop on Monday, November 9. Defendant's service personnel worked on the Laser for the rest of that week. On November 17, defendant sent the Laser to Town Auto in Ellsworth for a "data scan," checking the throttle position sensor and feedback system. Finally, on November 18, the Laser arrived back in defendant's storage yard where it remained until September, 1988, when it was retrieved by plaintiff's husband.

Plaintiff filed this civil action in the District Court, alleging *inter alia* that defendant breached its implied warranty of merchantability and that it failed to repair the Laser in a timely manner pursuant to 10 M.R.S.A. § 1476 (1980). After a non-jury trial, the District Court judge found for plaintiff on her breach of the implied warranty of merchantability claim but found for defendant on the section 1476 claim. As damages, the court awarded the purchase price less the cost of repairs. Both parties appealed to the Superior Court, which affirmed. Both parties now appeal to this Court.

### I.

■ Maine's version of Article 2 of the Uniform Commercial Code provides that "a warranty that the goods[1] shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 11 M.R.S.A. § 2–314(1) (1964). In order to be merchantable, such goods must *inter alia* be "fit for the ordinary purposes for which [they] are used." *Id.* § 2–314(2)(c); White & Summers, *Uniform Commercial Code* § 9–7 at 349 (1980). In ruling that defendant breached its implied warranty of merchantability, the District Court judge found that the Laser "proved to be unreliable trans-

---

**1.** "Goods" is defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract

for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." 11 M.R.S.A. § 2–105(1).

portation as a commuter vehicle or for other ordinary travel use by the Plaintiff." On appeal, defendant argues that this finding was erroneous.

Defendant's argument is without merit. The Court will set aside a finding of fact only if it is clearly erroneous. M.R.Civ.P. 52(a); *Butler v. Inhabitants of Town of Tremont,* 412 A.2d 385, 387 (Me.1980). There was substantial evidence showing that the Laser failed to perform up to the level reasonably expected of a car of its age, mileage and purchase price.[2] *See Dale v. King Lincoln–Mercury, Inc.,* 234 Kan. 840, 676 P.2d 744, 748 (1984) (implied warranty of merchantability varies with age, mileage and purchase price of car). Moreover, there was no credible evidence suggesting that the Laser's engine problems originated after plaintiff took possession of the car. *See, e.g., Worthey v. Specialty Foam Products, Inc.,* 591 S.W.2d 145, 149–50 (Mo.App.1979). Accordingly, we hold that the evidence was sufficient to support the District Court's finding that defendant breached its implied warranty of merchantability.

■ Defendant further contends that the District Court committed clear error in its award of damages. The court awarded as damages the purchase price less the cost of repairs. Section 2–714(2) provides that "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." 11 M.R.S.A. § 2–714(2) (1964). The record reveals no special circumstances justifying the measure of damages utilized by the District Court. Accordingly, the District Court's award of damages cannot stand.

---

**2.** The purchase price was $6495, exclusive of tax, title and filing fees.

**3.** Section 1476(4) provides that "[i]f the court finds ... that the dealer failed to perform his obligations under the warranty, the petitioner *shall* ... be awarded reasonable attorney's fees

## II.

■ Maine's Used Car Information Act imposes liability on dealers who fail to honor repair or replacement obligations pursuant to express warranty within certain specified time periods. 10 M.R.S.A. § 1476 (1980). The time periods specified by the statute are in relevant part as follows:

(1) Five calendar days, excluding Saturday, Sunday and legal holidays, after the date on which the purchaser delivers the motor vehicle to [the dealer] for such repair or replacement; or

(2) Thirty-five calendar days after the date on which the purchaser delivers the motor vehicle to [the dealer] if necessary parts are not available to the dealer during the period set forth in subparagraph (1)[.]

*Id.* § 1476(2)(A)(1) & (2). In denying plaintiff's section 1476 claim, the District Court judge found that it was necessary to send the engine head to Bangor for more than five days, thus entitling defendant to the thirty-five day period. On appeal, plaintiff contends that this finding was erroneous and that she is therefore entitled to attorney fees pursuant to section 1476(4).[3]

The District Court judge found that plaintiff left the Laser with defendant on Monday, November 2, that the head was back in defendant's shop on Monday, November 9, and that the repairs were completed on November 18. Plaintiff argues that subtracting Saturday and Sunday as the statute requires, the head was back in defendant's shop on the beginning of the fifth calendar day after November 2, and that therefore defendant was not entitled to the thirty-five day period. Although plaintiff's calculations may be correct, we are compelled to reject her argument. The District Court judge specifically found that plaintiff did not leave the Laser with defendant for the purpose of repairing it; rather,

---

and costs incurred in connection with said action." (emphasis added). We have interpreted this provision as mandating that attorney fees be awarded once a section 1476 claim has been established. *Thurber v. Bill Martin Chevrolet, Inc.,* 487 A.2d 631, 635 (Me.1985).

 

plaintiff attempted to revoke her acceptance. *See* 11 M.R.S.A. § 2–608 (1964) (providing for revocation of acceptance of commercial unit which nonconformity substantially impairs its value to the buyer). Accordingly, we hold that the statutory time limits were not triggered and that the evidence fails to establish a violation of section 1476.

The entry is:

Judgment affirmed in part, vacated in part. Remanded to the Superior Court with instructions to remand to the District Court for a new hearing on damages.

All concurring.