Karen FAULKINGHAM

v.

SEACOAST SUBARU, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 4, 1993.

Decided Jan. 21, 1993.

Roger G. Innes, Hale & Hamlin, Ellsworth, for plaintiff.

Rosemarie Giosia, William S. Silsby, Silsby & Silsby, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Karen Faulkingham appeals from a judgment of the Superior Court (Hancock County, *Browne, A.R.J.*) vacating in part a judgment of the District Court (Ellsworth, *Staples, J.*) awarding her $1791 in an action for breach of the implied warranty of merchantability. Seacoast Subaru, Inc. cross-appeals from that part of the Superior Court's judgment affirming the District Court's award. We affirm the judgment of the Superior Court.

On October 13, 1987, Faulkingham purchased a 1984 Chrysler Laser automobile from Seacoast. On July 5, 1990, after upholding a finding that Seacoast breached the implied warranty of merchantability,[1] we remanded the case to the Superior Court for remanding to the District Court for a hearing on damages. The District Court awarded damages in the amount of $1791, plus interest and costs, by adding the cost of repairs already made by Seacoast ($931.23) to the estimated cost of anticipated repairs to the automobile's computer system ($860).

Seacoast then appealed to the Superior Court pursuant to M.R.Civ.P. 76D. The court concluded that the cost to Seacoast for repairs made by it pursuant to the vehicle's warranty were erroneously included in the District Court's award of damages to Faulkingham. However, the Superior Court found that there existed competent evidence in the record to support the award for anticipated repairs to the computer system. This appeal focuses solely on the amount of the plaintiff's recoverable damages and the parties have agreed on the allocation of $931.23 for repairs already made and $860 for the anticipated cost to repair the automobile's computer system.

Faulkingham argues that the Superior Court erred in vacating the award for the cost of repairs already made to the automobile in the amount of $931.23. These repairs were covered under the automobile's warranty and, therefore, were assumed by Seacoast. The Superior Court, in vacating that part of the award, noted:

it is undisputed that [Seacoast] made successful repairs to the automobile and that this cost was not incurred by [Faulk-

1. *Faulkingham v. Seacoast Subaru, Inc.,* 577     A.2d 772, 774 (Me.1990).

ingham]. Therefore, in the interest of justice, to prevent [Faulkingham's] unjust enrichment, this Court finds that the District Court erred in including the $931.23 cost of repairs assumed by [Seacoast] in its finding of total "repair costs" for use as a yardstick to determine damages based on the difference between actual value and value pursuant to § 2–714(2).

The appropriate measure of damages for breach of the implied warranty of merchantability is set forth in 11 M.R.S.A. § 2–714(2) (1964):

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

*Id.*

In *S.H. Nevers Corp. v. Husky Hydraulics, Inc.*, 408 A.2d 676 (Me.1979), we concluded that the trier of fact may use "the cost of repairs as a yardstick to determine the difference between actual value and value as warranted." *Id.* at 681 (citing J. White & R. Summers, Uniform Commercial Code § 10–2 (1972)). In that case, however, there was evidence that the plaintiff was responsible for repair costs of approximately $16,000. We upheld the jury's consideration of that amount in its assessment of damages under § 2–714(2). *Id.* In the present case, Faulkingham, unlike the plaintiff in *Nevers*, never incurred the repair costs of $931.23. That cost was completely covered by the automobile's warranty. Its inclusion as part of the plaintiff's recovery was error and the Superior Court properly corrected the award by deducting the cost of the successful repairs. Allowing Faulkingham to recover the cost of repairs successfully made at no cost to her would afford her an unjustifiable windfall. *See* 4 R. Anderson, Uniform Commercial Code § 2–714:15, at 481 (3d ed. 1983) ("When damages are awarded, the plaintiff should not be awarded damages twice for the same item nor be given a windfall.").

We conclude that the cost of repairs actually incurred by the breaching party should not be considered as an element of damages in a breach of warranty case.

Because we have no record of the hearing before the District Court, Seacoast's contention that the District Court erred in concluding that the defect in the computer system resulted from the breach of warranty must fail. *See Cutler Associates, Inc. v. The Merrill Trust Company*, 395 A.2d 453, 455 (Me.1978) ("[W]hen an inadequate record is presented to the Law Court to support an appeal, such appeal must fail.") (quoting *Berry v. Berry*, 388 A.2d 108, 109 (Me.1978)).

The entry is:

Judgment affirmed.

All concurring.