STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. AP-05-033

ROXANNE D. MCCLAIN,                      *

                          Appellant      *
            v.                           *        **ORDER**
                                         *
MARK LEE,                                *
                                         *
                          Appellee       *        OCT 19 2005
                                         *

## BEFORE THE COURT

Before the Court is Roxanne D. McClain's appeal from the District Court's

May 5, 2005 Judgment pursuant to M.R. Civ. P. 76D.

## FACTUAL BACKGROUND

Roxanne D. McLain (McClain) is the owner of a rental unit at 143

Pennsylvania Avenue in South Portland. Mark Lee (Lee) was a tenant of said

address. In November 2004, when Lee failed to pay the rent, McClain sent him a

letter asking for full payment of the rent or to vacate the premises. Lee paid

$200.00 of the $850.00 rent arrearage. McClain then sued Lee in Small Claims

Court to recover $1, 075.00.

At the District Court proceeding on May 5, 2005, the court granted

judgment in favor of McClain in the amount of $348.00 and costs of $75.00.

*Roxanne D. McClain v. Mark Lee*, PORDC-SC-2004-0126, Notice of Judgment (Me.

Dist. Ct., Cum. Cty., May 5, 2005) (Goranites, J.). On June 6, 2005, McClain filed a

notice of appeal disputing the amount of the award.[1]

---

[1] This notice of appeal was filed 33 days after the entry of judgment. M.R. Civ. P. 76D
provides that "the time within which an appeal may be taken shall be 30 days from the
entry of judgment." However, the timing of the appeal may be tolled by a timely motion

# DISCUSSION

Appeals taken from the District Court under Rule 76D are reviewed for errors of law. M. R. Civ. P. 76D. The District Court's findings of fact shall not be set aside unless clearly erroneous. *Id.* "A court's finding is clearly erroneous only if there is no competent evidence in the record to support it." *Wrenn v. Lewis,* 2003 ME 29, P13, 818 A.2d 1005, 1009 (citation and internal quotation omitted).

In the present case, because the hearing was not recorded, McClain was required to serve a statement in lieu of a transcript to Lee within 10 days of the taking of the appeal, and then submit the statement to the Court for settlement and approval. M.R. Civ. P. 76F(c).[2] Although McClain did file a statement on June 27, 2005, it was filed more than 10 days after the appeal was taken. Furthermore, there is no indication in the file that Lee was served. As such, McClain did not satisfy Rule 76F(c). Without a record of the proceedings or a settled and approved statement, the Court must assume that there was sufficient

---

for findings of fact. M.R. Civ. P 76D. In this case, Lee filed a motion to findings of fact on June 2, 2005, 29 days after the entry of judgment.

[2] M.R. Civ. P. 76F(c) states:

> In any case in which electronic recording would be routine or has been timely requested under Rule 76H(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection, for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon the appellee. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

evidence to support the District Court's factual findings.[3] See *Alley v. Alley*, 2002 ME 162, P2, 809 A.2d 1262, 1262; see *Faulkingham v. Seacoast Subaru*, Inc., 619 A.2d 987, 988 (Me. 1993) (an appeal taken with an inadequate record must fail). Finally, McClain failed to file a brief as required by M.R. Civ. P. 76G(a).[4]

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

McClain's appeal should be DENIED.

The District Court's Decision should be AFFIRMED.

DATE: _October 19, 2005_

_____
Justice, Superior Court

---

[3] In reviewing Lee's exhibits, it appears that the District Court judge engaged in a balancing of the equities when coming to the $348.00 award. Lee's exhibits indicate that he had many problems with the structure of the rental unit as well as with interactions with McClain. Lee complained of dog odor, bad carpets, a door painted shut, no fire alarms, a leak in the sink, and large amounts of McClain's daughter's personal items in the house. Lee also complained that McClain entered the rental unit without 24-hour advanced notice, entered in an intoxicated state, was verbally abusive in front of Lee's step son, tried to break in, interrupted utilities, did not provide rent receipts, spoke about Lee disparagingly to others, and did not provide Lee with a 30-day eviction notice.

[4] McClain's statement is more or less a recitation of the facts of the case. It is unlikely that it was intended to be a brief pursuant to M.R. Civ. P. 76G(a).

OF COURTS
erland County
O. Box 287
Maine 04112-0287

MARK LEE
143 PENNSYLVANIA AVENUE
SO PORTLAND ME 04106

OF COURTS
erland County
O. Box 287
Maine 04112-0287

ROXANNE MCLAIN
170 TOWN FARM ROAD
BUXTON ME )4093