STATE OF MAINE                                    SUPERIOR COURT
                                                      CIVIL ACTION
YORK, ss.                                         DOCKET NO. AP-05-009

                                                  GAR - YOR - 1


MARCIA E. LEE,

                    Plaintiff

        v.                                  ORDER

TERRY NORTON,

            Defendant


        Before the Court is Defendant Terry Norton's appeal from the District Court's

January 5, 2005 Judgment pursuant to M.R. Civ. P. 76G.

                            **FACTUAL BACKGROUND**

        Plaintiff Marcia E. Lee sued Defendant Terry Norton in small claims court for the

return of her dog. Ms. Lee claims that she left her dog with her mother on a temporary

basis. Subsequently, her mother experienced medical difficulties and sent the dog to

live with Mr. Norton. When Ms. Lee requested that the dog be returned home, Mr. Lee

refused claiming that the dog had been given to him as an outright gift, which the

mother had the authority to give.

        During the trial, Mr. Norton's counsel asked that the trial judge recuse herself

based on an allegation of bias and prejudice against Mr. Norton. After hearing, the

request was denied.[1] Mr. Norton then filed this appeal asserting that the trial judge abused her discretion by denying the recusal request.

## DISCUSSION

An appeal from a District Court decision shall be on questions of law only. M.R.S.C.P. 11(d)(1), (2), (3), (5). The question of law that Mr. Norton raises is whether the trial judge abused her discretion by denying the recusal request. Without a record of the proceedings or a settled and approved statement, the Superior Court must assume that there was sufficient evidence to support the District Court's factual findings. See *Alley v. Alley*, 2002 ME 162, P2, 809 A.2d 1262, 1262; see *Faulkingham v. Seacoast Subaru, Inc.*, 619 A.2d 987, 988 (Me. 1993) (an appeal taken with an inadequate record must fail).

Small claims proceedings are different from other civil actions. Substantively, the rules of evidence do not apply in small claims proceedings. M.R.S.C.P. 6(b). Procedurally, the court may exclude unduly repetitious evidence and assist in developing all relevant facts. *Id.* These differences are consistent with the goal of small claims proceedings, which is "to secure the just, speedy, and inexpensive determination of every action in a simple and informal way." M.R.S.C.P. 1. Notwithstanding, the trial judge must provide the parties with a full opportunity to present their claims and defenses. M.R.S.C.P. 6(b).

Here, the proceeding was not recorded and Mr. Norton did not file a settled and approved statement of the record pursuant to M.R. Civ. P. 76F(c).[2] However, the trial

---

[1] The trial judge wrote a detailed statement of the events of the trial in the Order on Mr. Norton's Motion to Recuse.

[2] M.R. Civ. P. 76F(c) states:

In any case in which electronic recording would be routine or has been timely requested under Rule 76H(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection,

judge did explain in detail the events of the trial in the Order on Mr. Norton's Motion to Recuse and Motion for a New Trial. This explanation serves as the record for purposes of this appeal.

The trial judge explained that the attorneys initially agreed that the trial would take approximately two hours. However, as the trial progressed, it became clear that the attorneys underestimated the time. "In an effort to complete the trial in the time allotted, the Court, in its discretion, suspended the cross-examination of Plaintiff by Defendant's counsel so it could hear testimony from Plaintiff's mother and sister. Although Defendant's counsel was able to cross-examine the former, time elapsed before he could do so with the latter." In an attempt to ascertain if additional time would be necessary for trial, the trial judge asked Mr. Norton's counsel for his theory of the case. The trial judge admitted that she advised Mr. Norton's counsel that his client faced possible sanctions if he pursued a frivolous defense. However, she never stated that she would not provide an opportunity for further testimony and cross-examination at a later date, which in fact did happen.[3]

Here, the fact that the trial judge wanted to hear the crux of the case before allowing cross-examination does not in itself render the trial judge biased or prejudiced, especially when she rescheduled the trial for another day to allow for further development of testimony and evidence. The rules of small claims proceedings allow for flexibility in the process by proceeding in a simple and informal fashion. Under the

---

for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon the appellee. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

[3]     The trial judge repeatedly acknowledged that Mr. Norton's counsel had not yet had an opportunity to cross-examine Ms. Lee or to present his client.

circumstances, it was reasonable for the trial judge to attempt to further the development of all the relevant facts at the first trial in order to avoid a continuation. It was also reasonable and proper of her to schedule a continuation hearing when she determined that more time was needed. Finally, the continuation hearing provided the litigants with a full opportunity to present their claims and defenses.

The entry is:

The decision of the District Court judge is AFFIRMED.

Dated:        November 7, 2005

G. Arthur Brennan
Justice, Superior Court


APPELLEE:
LAWRENCE B GOODGLASS ESQ
ROBINSON KRIGER & MCCALLUM
PO BOX 568
PORTLAND ME   04112-0568


APPELLANT:
NEAL L WEINSTEIN ESQ
PO BOX 660
OLD ORCHARD BEACH M   04064